J-A01014-17

2017 PA Super 93

IN THE INTEREST OF: L.T. AND D.T.,    :     IN THE SUPERIOR COURT OF
MINOR CHILDREN ADJUDICATED    :        PENNSYLVANIA
DEPENDENT,    :
    :
APPEAL OF: A.Z., NATURAL MOTHER    :  No. 1032 WDA 2016


Appeal from the Order Entered June 6, 2016,
in the Court of Common Pleas of Erie County,
Civil Division at No(s): 25 and 26 2016


IN THE INTEREST OF: L.T. AND D.T.,    :     IN THE SUPERIOR COURT OF
MINOR CHILDREN ADJUDICATED    :        PENNSYLVANIA
DEPENDENT,    :
    :
APPEAL OF: A.Z., NATURAL MOTHER    :  No. 1035 WDA 2016


Appeal from the Order Entered June 16, 2016,
in the Court of Common Pleas of Erie County,
Civil Division at No(s): 26 2016

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:

**FILED APRIL 07, 2017**

As set forth in the Majority opinion, Mother raises five issues:

A. Whether the juvenile court committed an abuse of discretion
and/or error of law when it permitted, over unanimous objection,
the presence of the media at the permanency review hearing
held on June 1, 2016.

B. Whether the juvenile court committed an abuse of discretion
and /or error of law when the agency petitioned for a change of
goal and the juvenile court considered the change of goal
without providing adequate notice to the parties that a change of
goal was to be contemplated at the permanency review hearing
held on June 1, 2016.

*Retired Senior Judge assigned to the Superior Court.

C. Whether the juvenile court committed an abuse of discretion and/or error of law when it determined the current permanency goal of reunification was no longer feasible and dispensed with the goal of reunification after only one (1) month and twenty-seven (27) days when the record failed to support a conclusion that it was in the best interest of the minor child to change the goal.

D. Whether the juvenile court committed an abuse of discretion and/or error of law when it determined that visitation should cease between the appellant and the minor children following the change of goal to adoption when the record failed to support a conclusion that it was in the best interests of the minor children to no longer have visitation with their mother.

E. Whether the juvenile court committed an abuse of discretion and/or error of law when it denied the appellant the opportunity to participate in the medical decision making for the minor children. In the alternative, whether the juvenile court was manifestly unreasonable when it denied the appellant the opportunity to participate in the medical decision making for the minor children. In the alternative, whether the juvenile court deprived the appellant of her rights under the United States and Pennsylvania constitutions when it denied her the right to participate in the care and control of her minor children in violation of due process of law.

Majority Opinion at 9 (quoting Mother's Brief at 3).

Issues B and C are interrelated. In Issue B, Mother argues that the trial court erred in addressing the change of goal without proper notice to Mother. The Majority concludes that Mother should have been ready for such an issue to arise because the Juvenile Act, 42 Pa.C.S. § 6351(f)(1), (f.1), and (g), requires the juvenile court to make a determination regarding "the continuation, modification or termination of placement" at the conclusion of **every** permanency hearing.

In the first place, such a determination is not a goal change. Nor, at least in Allegheny County, has it been the practice to consider a goal change without advance notice from CYF. Finally, such a procedure is thoroughly ill-advised. To require overworked and underpaid caseworkers, GALs, parents, and the multitude of attorneys representing all the parties to a dependency proceeding to prepare for a change of goal without notice in every case, when the issue will almost never arise, is hardly an efficient use of scarce resources. Thus, in my view, the trial judge should not have considered the goal change issue.

I agree with the Majority that the trial judge, having reached the issue of goal change, erred in his determination.

Issue C is what I consider the essence of this case. That is, recognizing the importance of achieving permanency as quickly as possible, the change of goal to adoption in this case was simply too fast. The Majority quotes with approval a portion of the brief filed by L.T.'s GAL:

> As Guardian Ad Litem for the minor child, I am not clearly convinced that reunification is not a viable option in this case. Mother had made some progress in the two months between the Dispositional Hearing and the Permanency Hearing, and it is worth noting that during those two months, she herself was injured and she was struggling to cope with a traumatically injured child.
>
> Given the circumstances, I cannot, as Guardian Ad Litem state that changing the goal to adoption is in the child's best interests. That is a determination that will come with time; adequate time to determine whether Mother is genuinely motivated and capable. Two months is simply not enough time to make that determination.

Majority Opinion at 34 (quoting L.T.'s Brief at 13-14). Like the Majority, I fully agree with that.

I also agree with the Majority regarding Issue D. The termination of Mother's visitation with L.T. under a best interest standard was a consequence of the trial court's erroneous determination that the goal should be changed to adoption. Since this Court has reversed that determination, we must concomitantly remand for reconsideration of the visitation under a "grave threat" standard.

I turn now to Issues A and E, both of which involve the mootness doctrine. In Issue E, the Majority holds that the issue of whether the trial court erred when it deprived Mother of input into the end-of-life decision regarding D.T. is moot. Since D.T. has died, Is agree that this issue is moot. While the issue is capable of repetition, it will not evade review.

Finally, I turn to Issue A. Over the objection of all parties, the trial judge declined to close the courtroom to the media. The Majority holds this was error. I would not address this issue. Because the hearing has taken place, this issue is moot. In footnote 5, the Majority rejects such a result. It holds that because there will be permanency review hearings at least every six months, we should decide the issue now. Yet six months from now, the issue may be entirely different. We know that one major difference is that D.T. has died. There may be other differences. We should not be in the

business of rendering advisory opinions.  ***See*** Majority Opinion at 39 ("[A]ny decision rendered in this appeal would be entirely advisory.").